﻿Citation Nr: AXXXXXXXX
Decision Date: 01/18/19 Archive Date: 01/18/19

DOCKET NO. 180814-573
DATE: January 18, 2019

REMANDED

Entitlement to service connection for tinnitus is remanded.

REFFERED

A claim to reopen the issue of entitlement to service connection for a hearing loss was raised in a November 2018 statement. This issue has not been developed or certified for appellate review. Hence, it is referred to the Agency of Original Jurisdiction (AOJ) for adjudication.

REASONS FOR REMAND

The Veteran served on active duty from June 1961 to June 1965. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the May 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed that RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Veteran originally filed claims entitlement to service connection for hearing loss and tinnitus in his January 2015 claim. The Veteran’s May 2015 Notice of Disagreement did not mention hearing loss. The April 2015 rating decision denying service connection for hearing loss is therefore final and the issue of entitlement to service connection for a hearing loss is not before the Board. 38 U.S.C. § 7105.

The issue of entitlement to service connection for tinnitus is remanded to correct a duty to assist error that occurred prior to the April 2015 rating decision on appeal. In this regard, the Agency of Original Jurisdiction obtained an April 2015 medical opinion prior to the April 2015 rating decision on appeal. That medical opinion did not fully consider all evidence provided as to whether the Veteran’s tinnitus had its onset in service or is otherwise related to service. 

In this regard, the April 2015 examiner stated that the Veteran’s military occupational specialty indicated a low probability for noise exposure. Notably, although the Veteran’s discharge paperwork lists his military occupational specialty as Yeoman (i.e., an administrative clerk), the Veteran originally served as an aviation apprentice and was stationed aboard an aircraft carrier for a year. Service as an airman apprentice is similar to other aviation occupations where there was a high probability of noise exposure. Hence, the appellant is presumed to have worked in an adverse acoustic environment while on active duty.

As the AOJ did not obtain an addendum VA medical opinion addressing the Veteran’s the impact of his inservice noise exposure as an aviation apprentice. Hence, further development is in order.

The matter is REMANDED for the following action:

Schedule the appellant for a VA audiological examination. The examiner must note his or her review of the Veteran’s VBMS and Virtual VA/Legacy files, and a copy of this remand. Following the examination and a review of all of the evidence the examiner must opine whether it is at least as likely as not (i.e., 50 percent probability or greater) that tinnitus either had its onset during active service or is otherwise etiologically related active service? Expressly address the impact of the Veteran’s inservice exposure to noise while working in the aviation community on an aircraft carrier, and his statements as to the beginning and duration of his tinnitus.

A complete, well-reasoned rationale must be provided for any opinion offered. If any requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge, i.e., no one could respond given medical science and the known facts, or by a deficiency in the record or the examiner, i.e., additional facts are required, or the 

 

examiner does not have the needed knowledge or training.

 

DEREK R. BROWN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Joseph Montanye, Associate Counsel